**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DANNY ALLEN COKER**                                                                    **PETITIONER**

**v.**                                                                                                          **No. 3:04CV81-D-A**

**JIM HOOD, ET AL.**                                                                           **RESPONDENTS**

## <u>MEMORANDUM OPINION</u>

This matter comes before the court on the *pro se* petition of Danny Allen Coker for a writ

of *habeas corpus* under 28 U.S.C. § 2254.  The state answered the petition September 10, 2004;

the petitioner replied September 23, 2004.  The matter is ripe for decision.  For the reasons set

forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to state

a claim upon which relief could be granted.

### Facts and Procedural Posture

The petitioner is lawfully in the custody of the Mississippi Department of Corrections and

housed at the Marshall County Correctional Facility at Holly Springs, Mississippi.  He is serving

sentences imposed by three counties for the following convictions: (1)fraud - sentence of four

years imposed by the Circuit Court of Tate County; (2) tax revenue evasion and fraud - sentence

of four years for tax evasion to run consecutive to the Tate County conviction and concurrent

sentence of one year imposed by the Hinds County Circuit Court and (3) false pretense - sentence

of three years to run concurrent to the Tate County conviction imposed by the DeSoto County

Circuit Court.

The petitioner does not challenge his convictions or sentences from DeSoto, Hinds or

Tate Counties, as he states in his petition that he "does not allege that his conviction or sentence

is illegal or unconstitutional."  The petitioner claims that he is subject to being held unlawfully in

custody because the Mississippi Department of Corrections will not release him on Earned Release Supervision (ERS) once his ERS date arrives because the State of Tennessee has a detainer lodged against him. The only relief the petitioner is to be released on Earned Release Supervision.

## Discussion

The instant petition fails to state a claim upon which habeas relief could be granted. A *habeas corpus* petitioner must be deprived of some right secured him by the Constitution or the laws of the United States in order to present such a petition. 28 U.S.C. § 2254(a); *Irving v. Thigpen,* 732 F.2d 1215, 1216 (5th Cir. 1984). In the absence of a claim for violation of a constitutional right, the petition must fail. *Irving, supra,* at 1216.

The petitioner does not challenge the constitutionality of his original convictions and sentences; rather, his claim is that he will not be released on ERS at the appointed time. Instead, the petitioner may be required to serve the entire term and flat-time his sentences before he is released to the State of Tennessee on the detainer. Reductions of state sentences upon earned release supervision are derived, not from the United States Constitution, but from state statutory law. As such, the instant petition alleges a violation of state law only, and thus does not state a claim under 28 U.S.C. § 2254. *Fierro v. Lynaugh,* 879 F.2d 1276, 1278 (5th Cir. 1989).

The establishment of a parole system does in itself create a protected liberty interest in parole; rather, that interest arises when mandatory language creates a presumption of entitlement to parole once certain objective criteria are met. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), *Kentucky Department of Corrections v.Thompson,* 490 U.S. 454, 463 (1989).

Mississippi's statute on ERS (a form of supervised release that is conducted, according to statute, in the same manner as a period of supervised parole[1]) does not fall into such a category, as MISS. CODE ANN. § 47-5-138(5) provides that an inmate "*may* receive an earned time allowance . . . ." (emphasis supplied). The statute further provides that the department of corrections shall "develop rules, terms and conditions for the earned release supervision program." *See* MISS. CODE ANN. § 47-5-138(6). The Mississippi statutes governing ERS do not contain mandatory language; they employ the "permissive 'may' rather than 'shall'," conferring discretion on the Mississippi Department of Corrections to implement the ERS program. As such, inmates do not have a constitutionally protected liberty interest in being released on ERS. *Vice v. State,* 679 So. 2d 205, 208 (Miss. 1996); *Smith v. State,* 580 So. 2d 1221, 1225-26 (Miss. 1991); *Harden v. State,* 547 So. 2d 1150, 1151-52 (Miss. 1989); *Irving v. Thigpen, supra*; *Davis v. Johnson,* 205 F. Supp. 616, 617-18 (N.D. Miss. 2002). The petitioner challenges the possibility that the state may hold him beyond the date his earned release supervision would begin. As discussed above, this ground fails to state a claim upon which relief could be granted and shall thus be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of June, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE

---

[1]*See* MISS. CODE ANN. § 47-5-138(6).